UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VICENTE NEVAREZ-SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case Nos.: 16CV1386, 15CR0191<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**<br><br>**(Doc. Nos. 1, 33)** |

On June 6, 2016, Petitioner Jose Vicente Nevarez-Sanchez ("Petitioner") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 33.) The United States opposes the motion. (Doc. No. 43.) For the following reasons, the Court **DENIES** Petitioner's motion.

## BACKGROUND

In 2005, Petitioner was convicted of possession of cocaine in violation of California Health and Safety Code ("H&S") section 11351. (Doc. No. 19 at 4, 7.) Petitioner was deported to Mexico, his country of origin, in 2012. (*Id.* at 3.) On December 23, 2014, Border Patrol Agent Stephenson encountered Petitioner on "Espinoza Trail," an area west of the Tecate, California port of entry. (Doc. No. 1 at 2.) Petitioner admitted he was a citizen of Mexico and that he was in the United States illegally, at which point he was

arrested and charged in a single count information with illegal reentry in violation of 8 U.S.C. § 1326(a) and (b). (*Id.*; Doc. No. 8.)

On February 26, 2015, Petitioner pleaded guilty pursuant to a written plea agreement to illegal reentry. (Doc. No. 15.) At sentencing, the United States recommended a sentence of 78 months imprisonment and three years' supervised release based on the following calculations in its sentencing summary chart:

| | |
|---|---|
| Base Offense Level: | 8 |
| Prior Felony: | +16 |
| Acceptance of Responsibility: | -3 |
| Fast Track: | -2 |

(Doc. No. 20 at 2.) The 16-level enhancement was suggested pursuant to United States Sentencing Guidelines ("USSG") § 2L1.2(b)(1)(A)(i) for Petitioner's prior conviction of H&S Code section 11351. (Doc. No. 19 at 4, 7; Doc. No. 20 at 2.) The calculations produced an adjusted base offense level of 19. (Doc. No. 20 at 2.) When considered in combination with Petitioner's criminal history category of VI, it resulted in a guidelines range of 63 to 78 months imprisonment. (Doc. No. 19 at 8; Doc. No. 20 at 2; Doc. No. 42 at 3.) Probation largely concurred with the sentencing recommendation, including the 16-level enhancement under § 2L1.2 based on Petitioner's H&S Code section 11351 conviction. (Doc. No. 19 at 4.)

Petitioner agreed with the Government's calculations, but asserted that they should serve only as the starting point in his case given the difficulties he had faced in his family life that year and the fact that he had intended only to bring his blind sister from the United States back to Mexico where he could care for her. (Doc. No. 21 at 2–5.) The Court ultimately sentenced Petitioner to 63 months imprisonment, the low end of the range. (Doc. No. 27 at 2; Doc. No. 42 at 12.)

Petitioner appealed his sentence in 2016. (Doc. No. 28.) The Ninth Circuit dismissed Petitioner's appeal as untimely filed. (Doc. No. 32 at 1.) On June 6, 2016, Petitioner filed the instant motion to vacate, correct, or set aside the sentence based on two recent Supreme Court decisions: *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United*

*States*, 136 S. Ct. 1257 (2016). (Doc. No. 33.) The Government filed an opposition on September 9, 2016. (Doc. No. 43.)

### LEGAL STANDARD

A federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. If it is clear the movant has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

### DISCUSSION

*I.     Motion to Vacate Sentence*

Petitioner requests the Court vacate his 63-month sentence and resentence him in light of the Supreme Court's recent decisions in *Johnson* and *Welch*. The Court in *Johnson*, 135 S. Ct. at 2563, held unconstitutionally vague the residual clause of the Armed Career Criminals Act ("ACCA"), which defined a "violent felony" as any felony that "involves conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(2)(B). *Welch* recognized that *Johnson* announced a substantive rule applying retroactively on collateral review. 136 S. Ct. at 1265. The Government contends that Petitioner's motion fails on the merits because *Johnson* is inapplicable. (Doc. No. 43 at 8–10.) The Court agrees with the Government.[1]

---

[1] The Government also asserts that Petitioner waived his right to collaterally attack his sentence when he pleaded guilty and that his motion is time barred. (Doc. No. 43 at 5–8.) Given that the Court finds Petitioner's motion to be meritless, the Court declines to reach these alternative arguments.

Petitioner was not sentenced under the ACCA, but rather the USSG. Furthermore, Petitioner was not sentenced under any provision of the USSG identically worded to the ACCA clause that the Supreme Court voided as unconstitutionally vague in *Johnson*. Rather, Petitioner was sentenced under § 2L1.2, which provided for the enhancement as follows: "If the defendant previously was deported, or unlawfully remained in the United States, after—(A) a conviction for a felony that is (i) a ***drug trafficking offense*** for which the sentence imposed exceeded 13 months . . . , increase by **16** levels if the conviction receives criminal history points under Chapter Four . . . ." U.S.S.G. § 2L1.2(b)(1)(A)(i) (emphasis added). "Drug trafficking offense" is defined as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." Application Note 1(B)(iv) to U.S.S.G. § 2L1.2.[2]

This quoted language does not mimic, or even closely resemble, that which the Supreme Court found to be unconstitutionally vague in *Johnson*. What constitutes a drug trafficking offense to warrant the 16-level enhancement is clearly defined in the USSG. Furthermore, it is disputable that Petitioner's H&S Code section 11351 conviction falls within that definition. *See United States v. Anorve-Verduzco*, 484 F. App'x 119, 120 (9th Cir. 2012) ("Cocaine is one of the drugs listed on the federal Controlled Substances Act [] schedules, and accordingly, Verduzco's prior California conviction [for H&S Code section 11351] is a 'drug trafficking offense' as defined under U.S.S.G. § 2L1.2(b)(1)(A)(i)."). "Thus, applying the modified categorical approach, [Petitioner's] prior conviction [for

---

[2] The Court focuses its inquiry on the 16-level enhancement applied to Petitioner's sentencing guideline factors as the only sentencing guideline provision presumably challenged. Petitioner does not challenge his base offense level, and *Johnson* and *Welch* do not apply to determination of a defendant's base offense level. Additionally, aside from the 16-level enhancement, Petitioner received only departures: a three-level departure for acceptance of responsibility and a two-level departure for fast track.

4

violation of H&S Code section 11351] qualifies as a 'drug trafficking offense' for the purposes of [] § 2L1.2." *United States v. Galindo-Vega*, 522 F. App'x 388, 389 (9th Cir. 2013) (citing *United States v. Leal-Vega*, 680 F.3d 1160, 1162, 1167–69 (9th Cir. 2012)).

Because Petitioner was not sentenced under the ACCA or a like-worded provision of the USSG, and because the provision of the USSG under which he was sentenced—§ 2L1.2—is not vague or otherwise unconstitutional, the Court finds the motion fails on the merits. As such, the Court **DENIES** the petition. *See Galindo-Vega v. United States*, No. 16-CV-1405, 2016 WL 4248563 (S.D. Cal. Aug. 11, 2016) (denying § 2255 motion predicated on *Johnson* and seeking to vacate sentence enhanced due to petitioner's H&S Code section 11351 conviction).

## CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. Nos. 1, 33.) The Court also finds that reasonable jurists cannot debate whether the petition should be resolved in a different manner. As such, the Court also **DECLINES** to issue a certificate of appealability.[3]

**IT IS SO ORDERED**.

Dated:  September 28, 2016

Hon. Anthony J. Battaglia
United States District Judge

---

[3] When a district court enters a final order adverse to the applicant in a habeas proceeding, it must either issue or deny a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is required to appeal a final order in a habeas proceeding. *See id.* A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). Under this standard, the petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 474 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).